IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| SNEEZE, WHEEZE & ITCH ASSOCIATES, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DYNAVAX TECHNOLOGIES CORPORATION, ) <br> and CRN/ALLERGY AND RESPIRATORY, LLC, ) <br> ) <br> Defendants. ) | Case No. 09-cv-_____ <br><br> JURY DEMANDED |

**COMPLAINT AND JURY DEMAND**

Now comes Sneeze, Wheeze & Itch Associates, LLC, by Howard & Howard Attorneys, PLLC, and for its Complaint against Dynavax Technologies Corporation and CRN/Allergy and Respiratory, LLC, states:

ALLEGATIONS COMMON TO ALL COUNTS

The Parties

1.  Sneeze, Wheeze & Itch Associates, LLC ("Sneeze, Wheeze & Itch"), is an Illinois limited liability company with its principal offices located at 2010 Jacobssen Drive, Normal, Illinois 61761.

2.  The members of Sneeze, Wheeze & Itch are Anjuli S. Nayak, M.D., and Nicholas A. Nayak, M.D. (collectively referred to as "Doctors Nayak").

3.  The Doctors Nayak are citizens of the State of Illinois.

4.  Dr. Anjuli Nayak is a Board Certified Allergist and Pediatrician.

5.  Dr. Nicholas Nayak is Board Certified in Emergency and Occupational Medicine.

6.  The Doctors Nayak have been practicing medicine in Central Illinois for nearly thirty years.

7.  Dynavax Technologies Corporation ("Dynavax") is a Delaware corporation with its principal place of business located at 2929 Seventh Street, Berkeley, California 94710.

8.  CRN/Allergy and Respiratory, LLC ("CRN"), is a Delaware limited liability company, with its principal place of business located at 49 State Road, North Dartmouth, Massachusetts 02747.

9.  None of the current members of CRN are citizens of the State of Illinois.

10. From January 13, 2003, through July 6, 2007, Sneeze, Wheeze & Itch was a member of CRN, which relationship was memorialized by a Participation Agreement. (Exhibit 1.)

11. Venue lies with this Court pursuant to 28 U.S.C. §1391(a)(2) because all of the work performed by the Doctors Nayak under the agreements with Dynavax and CRN occurred in this judicial district.

12. This Court may properly exercise jurisdiction over this dispute pursuant to 28 U.S.C. §1332, as the parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

<u>The Clinical Trial Studies</u>

13. Sneeze, Wheeze & Itch operates as a clinical drug trial facility, specializing in allergy, respiratory, and immunology drug trials. As a clinical drug trial facility, Sneeze, Wheeze & Itch enrolls study participants, administers the trial subject medication or control placebo, provides necessary medical treatment, and monitors the study patients as dictated by the protocol outlined in the study plan.

14. On March 31, 2005, Dynavax and CRN entered into a Clinical Study Agreement ("First Agreement"). (Exhibit 2.) The subject of the agreement, DV1-SAR-08, was a drug intended to address ragweed allergy in children.

15. Under the terms of the First Agreement, CRN assumed the responsibility of recruiting twelve core and associate clinical trial sites and principal investigators for purposes of administering the clinical trial for DV1-SAR-08. (Exhibit 2.)

16. Under the terms of the First Agreement, CRN further agreed to enroll and treat 225 eligible children between April 1, 2005, and August 1, 2005. CRN agreed that it would maintain no fewer than 200 children in the study until its conclusion, three years after commencement. (Exhibit 2.)

17. Under the terms of the First Agreement, CRN further assumed the responsibility to negotiate the budget for the DV1-SAR-08 study and to pay the principal investigators to perform the study. (Exhibit 2.)

18. Under the terms of the First Agreement, Dynavax agreed to make certain payments to CRN as compensation for the services that would be rendered by the clinical study sites and the principal investigators. (Exhibit 2.)

19. Pursuant to Exhibit C of the First Agreement, Dynavax would pay CRN a maximum of $20,000 per study participant. (Exhibit 2.)

20. Consistent with industry practice and federal regulatory obligation, Dynavax provided CRN a detailed protocol for the DV1-SAR-08 study, which protocol contained a time and events table, specifying the required activities for each patient visit.

21. The budget attendant to study DV1-SAR-08 was created, with the assistance of Dr. Anjuli Nayak, and was approved by all parties based on the protocol requirements.

22.     A copy of the detailed protocol and budget was provided to Sneeze, Wheeze & Itch prior to April 12, 2005.

23.     On April 7, 2005, Dynavax acknowledged to Sneeze, Wheeze & Itch that it was aware that Sneeze, Wheeze & Itch would serve as a clinical study site for DV1-SAR-08, and offered consideration for the underlying agreement in the form of an indemnification. (Exhibit 3.)

24.     On April 12, 2005, CRN contracted with Sneeze, Wheeze & Itch to serve as a site for the DV1-SAR-08 study ("April 12, 2005 Agreement"). As a term of the April 12, 2005 Agreement, both Dr. Anjuli Nayak and Dr. Nicholas Nayak were made principal investigators for the study. (Group Exhibit 4.)

25.     Under the terms of the April 12, 2005 Agreement, CRN agreed to pay a maximum of $18,920 per study participant for study DV1-SAR-08 and further agreed to pay Sneeze, Wheeze & Itch certain start-up and advertising costs, not to exceed $15,000. (Exhibit 3.)

26.     Sneeze, Wheeze & Itch performed all obligations under the April 12, 2005 Agreement with CRN with regard to study DV1-SAR-08.

27.     On March 23, 2006, Dynavax and CRN entered into a Clinical Study Agreement Amendment for study DV1-SAR-08 ("Amended First Agreement"). (Exhibit 5.)

28.     On behalf of CRN, Dr. Anjuli Nayak negotiated the terms of the Amended First Agreement.

29.     Assuming that drug trial patients recruited and treated by Sneeze, Wheeze & Itch (as well as other clinical trial facilities) complied with the diary requirements of the study protocol for DV1-SAR-08, Sneeze, Wheeze & Itch would have earned the same dollar value per

patient for the study under the Amended First Agreement as it would have under the First Agreement.

30. Sneeze, Wheeze & Itch performed any and all obligations under the Amended First Agreement.

31. On December 20, 2005, Dynavax and CRN entered into another agreement, the subject of which was a clinical trial study for DV1-SAR-09 ("Second Agreement"). (Exhibit 6.) This study involved trial of a medication directed to ragweed allergic adults.

32. Under the terms of the Second Agreement, CRN agreed to contract with up to forty clinical research sites in the United States to perform the clinical trial described in the study protocol. (Exhibit 6.)

33. CRN further agreed to enroll 850 eligible adult participants per protocol and retain at least 80% of the randomized subjects during the two-year study period. (Exhibit 6.)

34. Under the Second Agreement, Dynavax agreed to make certain payments to CRN as consideration for the services that would be rendered by the study sites and the principal investigators. (Exhibit 6.)

35. Pursuant to Exhibit C of the Second Agreement, Dynavax agreed to pay CRN a maximum of approximately $18,515 per study participant.

36. Under the Second Agreement, CRN agreed to invoice Dynavax on a monthly basis for all fees and expenses for the work performed during the prior month. Dynavax agreed to make payment within thirty days from the date of receipt of the invoice. (Exhibit 6.)

37. Consistent with industry practice and federal regulatory obligation, Dynavax provided CRN a detailed protocol for the DV1-SAR-09 study, which protocol contained a time and events table, specifying the required activities for each patient visit.

38. The budget attendant to study DV1-SAR-09 was created with the assistance of Dr. Anjuli Nayak, and was approved by all parties based on the protocol requirements.

39. A copy of the detailed protocol and budget was provided to Sneeze, Wheeze & Itch prior to January 24, 2006.

40. On January 24, 2006, CRN contracted with Sneeze, Wheeze & Itch to serve as a clinical research site for study DV1-SAR-09 ("January 24, 2006 Agreement"). Pursuant to the terms of the January 24, 2006 Agreement, both Dr. Anjuli Nayak and Dr. Nick Nayak were made principal investigators for the study. (Exhibit 7.)

41. Under the terms of the January 24, 2006 Agreement between CRN and Sneeze, Wheeze & Itch, CRN agreed to pay Sneeze, Wheeze & Itch a maximum of $17,290 per study participant and further agreed to pay Sneeze, Wheeze & Itch certain start-up and chart review costs, not to exceed $10,000. (Group Exhibit 7.)

42. Sneeze, Wheeze & Itch performed all obligations under its January 24, 2006 Agreement with CRN with regard to study DV1-SAR-09.

43. On March 23, 2006, Dynavax and CRN entered into a Clinical Study Agreement Amendment for study DV1-SAR-09 ("Amended Second Agreement"). (Exhibit 8.)

44. On behalf of CRN, Dr. Anjuli Nayak negotiated the Second Amended Agreement.

45. On or about April 7, 2006, Dynavax acknowledged to Sneeze, Wheeze & Itch that it was aware that Sneeze, Wheeze & Itch would serve as a clinical study site for DV1-SAR-09, and offered consideration for the underlying agreement in the form of an indemnification. (Exhibit 9.)

46. On April 13, 2006, the Amended Second Agreement was provided to Sneeze, Wheeze & Itch.

47. The Amended Second Agreement did not reduce the total payment available per patient for Sneeze, Wheeze & Itch for study DV1-SAR-09 but merely amended certain protocol requirements.

48. Sneeze, Wheeze & Itch performed any and all of its obligations under the Amended Second Agreement.

<u>Termination of Studies DV1-SAR-08 and DV1-SAR-09</u>

49. On February 23, 2007, Dynavax issued an e-mail to investigators for DV1-SAR-08 and DV1-SAR-09.

50. The notice advised that Dynavax had decided to terminate both studies early. (Exhibit 10.)

51. As is the custom and practice in the industry, at the termination of the two studies, Sneeze, Wheeze & Itch performed reconciliations for study DV1-SAR-08 and DV1-SAR-09. (Group Exhibit 11.)

52. The reconciliations demonstrate that Sneeze, Wheeze & Itch was owed $71,857 for study DV1-SAR-08, and was owed $273,129 for study DV1-SAR-09.

53. Sneeze, Wheeze & Itch promptly tendered its reconciliations to CRN and Dynavax.

54. By correspondence dated March 12, 2007, Dynavax refused to make payment based on the reconciliations. (Exhibit 12.)

55. Sneeze, Wheeze & Itch continues to be owed monies attributable to clinical research work performed at its facility in Bloomington, Illinois.

56. For study DV1-SAR-08, Dr. Nicholas Nayak rendered services in furtherance of the clinical trial study valued at $54,649 under the First Agreement, Amended First Agreement, and the April 12, 2005 Agreement.

57. For study DV1-SAR-09, Dr. Nicholas Nayak rendered services in furtherance of the clinical trial study valued at $142,603 under the Second Agreement, Amended Second Agreement, and the January 24, 2006 Agreement.

58. For study DV1-SAR-08, Dr. Anjuli Nayak rendered services in furtherance of the clinical trial study valued at $17,208 under the First Agreement, Amended First Agreement and the April 12, 2005 Agreement.

59. For study DV1-SAR-09, Dr. Anjuli Nayak rendered services in furtherance of the clinical trial study valued at $130,526 under the Second Agreement, Amended Second Agreement, and the January 24, 2006 Agreement.

<u>COUNT I: BREACH OF CONTRACT</u>
Dynavax (First Agreement and Amended First Agreement)

60. Sneeze, Wheeze & Itch incorporates Paragraphs 1-59 of its Complaint as if fully set forth as Paragraphs 1-59 of Count I.

61. Under the First Agreement and Amended First Agreement, Dynavax knew that CRN would not be performing the clinical research trial services.

62. The First Agreement and Amended First Agreement specifically contemplate delegation of the services attendant with performing the study to various clinical research sites affiliated with CRN.

63. At all times relevant, Dynavax knew or had reason to know that Sneeze, Wheeze & Itch would perform services associated with the clinical trials of DV1-SAR-08 and would receive compensation for the work performed on such clinical trials.

#413763-v1                                8

64. Sneeze, Wheeze & Itch is and at all times relevant was an intended third party beneficiary of the First Agreement and First Amended Agreement between Dynavax and CRN.

65. Dynavax breached the First Agreement and Amended First Agreement by failing to compensate CRN under the terms of Exhibit C to the First Agreement, as amended on March 23, 2006.

66. By failing to compensate CRN under the terms of Exhibit C to the First Agreement and the Amended First Agreement, Dynavax knew or had reason to know that CRN would be unable to compensate Sneeze, Wheeze & Itch.

67. As a result of Dynavax's breach of the First Agreement and Amended First Agreement, Sneeze, Wheeze & Itch has suffered a monetary loss, exclusive of interest and costs, in the amount of $71,857.

WHEREFORE, Sneeze, Wheeze & Itch Associates, LLC, requests the Court find in favor of it and against Dynavax Technologies Corporation for breach of the First Agreement and First Amended Agreement and award Sneeze, Wheeze & Itch Associates, LLC, its contractual damages, prejudgment interest, costs of suit, and any other relief necessary to accomplish justice.

COUNT II: BREACH OF CONTRACT
Dynavax (Second Agreement and Amended Second Agreement)

68. Sneeze, Wheeze & Itch incorporates Paragraphs 1-59 of its Complaint as if fully set forth as Paragraphs 1-59 of Count II.

69. Under the Second Agreement and Amended Second Agreement, Dynavax knew that CRN would not be performing the clinical research trial services.

70. The Second Agreement and Amended Second Agreement specifically contemplate delegation of the services attendant with performing the study to various clinical research sites affiliated with CRN.

71.  At all times relevant, Dynavax knew or had reason to know that Sneeze, Wheeze & Itch would perform services associated with the clinical trials of DV1-SAR-09 and would receive compensation for the work performed on such clinical trials.

72.  Sneeze, Wheeze & Itch is and at all times relevant was an intended third party beneficiary of the Second Agreement and Amended Second Agreement between Dynavax and CRN.

73.  Dynavax breached the Second Agreement and Amended Second Agreement by failing to compensate CRN under the terms described in Exhibit C to each.

74.  By failing to compensate CRN under the terms of the Second Agreement and Amended Second Agreement, Dynavax knew or had reason to know that CRN would be unable to compensate Sneeze, Wheeze & Itch.

75.  As a result of Dynavax's breach of the Second Agreement, Sneeze, Wheeze & Itch has suffered a monetary loss, exclusive of interest and costs, in the amount of $273,129.

WHEREFORE, Sneeze, Wheeze & Itch Associates, LLC, requests the Court find in favor of it and against Dynavax Technologies Corporation for breach of the Second Agreement and Second Amended Agreement and award Sneeze, Wheeze & Itch Associates, LLC, its contractual damages, prejudgment interest, costs of suit, and any other relief necessary to accomplish justice.

### COUNT III: BREACH OF CONTRACT
CRN (April 12, 2005 Agreement)

76.  Sneeze, Wheeze & Itch incorporates Paragraphs 1-59 of its Complaint as if fully set forth as Paragraphs 1-59 of Count III.

77.  Under the April 12, 2005 Agreement, CRN agreed to compensate Sneeze Wheeze & Itch for services performed in conjunction with the clinical study for DV1-SAR-08.

78. Sneeze, Wheeze & Itch performed all of the services required by the April 12, 2005 Agreement.

79. CRN breached the April 12, 2005 Agreement by failing to compensate Sneeze, Wheeze & Itch under the terms of the April 12, 2005 Agreement.

80. As a result of CRN's breach of the April 12, 2005 Agreement, Sneeze, Wheeze & Itch has suffered a monetary loss, exclusive of interest and costs, in excess of $71,857.

WHEREFORE, Sneeze, Wheeze & Itch Associates, LLC, requests the Court find in favor of it and against CRN/Allergy and Respiratory, LLC, for breach of the April 12, 2005 Agreement and award Sneeze, Wheeze & Itch Associates, LLC, its contractual damages, prejudgment interest, costs of suit, and any other relief necessary to accomplish justice.

COUNT IV: BREACH OF CONTRACT
CRN (January 24, 2006 Agreement)

81. Sneeze, Wheeze & Itch incorporates Paragraphs 1-59 of its Complaint as if fully set forth as Paragraphs 1-59 of Count IV.

82. Under the January 24, 2006 Agreement, CRN agreed to compensate Sneeze Wheeze & Itch for services performed in conjunction with the clinical study for DV1-SAR-08.

83. Sneeze, Wheeze & Itch performed all of the services required by the January 24, 2006 Agreement.

84. CRN breached the January 24, 2006 Agreement by failing to compensate Sneeze, Wheeze & Itch under the terms the January 24, 2006 Agreement.

85. As a result of CRN's breach of the January 24, 2006 Agreement, Sneeze, Wheeze & Itch has suffered a monetary loss, exclusive of interest and costs, in excess of $273,129.

WHEREFORE, Sneeze, Wheeze & Itch Associates, LLC, requests the Court find in favor of it and against CRN/Allergy and Respiratory, LLC, for breach of the January 24, 2006

Agreement and award Sneeze, Wheeze & Itch Associates, LLC, its contractual damages, prejudgment interest, costs of suit, and any other relief necessary to accomplish justice.

**PLAINTIFF REQUESTS TRIAL BY JURY**

Respectfully submitted,

HOWARD & HOWARD ATTORNEYS PLLC

By: /s/ Tracy C. Litzinger
    Tracy C. Litzinger (ARDC # 6225477)
    Attorneys for Plaintiffs
    211 Fulton Street, Suite 600
    Peoria, IL 61602
    (309) 672-1483 – phone
    (309) 672-1568 – facsimile
    tlitzinger@howardandhoward.com