## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| SNEEZE, WHEEZE & ITCH ASSOCIATES, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.  09-cv-1190 |
| DYNAVAX TEHCNOLOGIES CORPORATION and CRN/ALLERGY AND RESPIRATORY, LLC, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## **O R D E R  &  O P I N I O N**

Before the Court is Plaintiff's Unopposed Motion for Voluntary Dismissal With Prejudice Pursuant to Federal Rule of Civil Procedure 41 (Doc. 33). In it, Plaintiff reports that the parties to this litigation have executed a Confidential Settlement Agreement and General Release, which resolves all pending claims and defenses in this matter. Plaintiff therefore asks that the Court enter an order dismissing the case with prejudice. In addition, Plaintiff asks that the Court retain jurisdiction over the case for the sole purpose of enforcing the Settlement Agreement.

Pursuant to Federal Rule of Civil Procedure 41(a)(2), the Court has authority to grant Plaintiff's Motion and dismiss the action on terms it considers proper. While the Court finds it proper to grant Plaintiff's request to dismiss this case with prejudice, it does not find it proper to expressly retain jurisdiction over the

Settlement Agreement, as doing so would be a futile exercise.[1] Therefore, Plaintiff's Unopposed Motion for Voluntary Dismissal with Prejudice (Doc. 33) is GRANTED, and this action is DISMISSED WITH PREJUDICE, with each party to bear its own costs. IT IS SO ORDERED.

CASE TERMINATED.

Entered this 2nd day of June, 2011.

                                                                s/ Joe B. McDade
                                                               JOE BILLY McDADE
                                       United States Senior District Judge

---

[1] According to the Seventh Circuit, "once a suit is dismissed with prejudice the judge loses all power to enforce the terms of the settlement that may lie behind that dismissal." *Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002). The Circuit has further explained, "[a] settlement agreement, unless it is embodied in a consent decree or some other judicial order or unless jurisdiction to enforce the agreement is retained (meaning that the suit has *not* been dismissed with prejudice), is enforced just like any other contract." *Lynch v. SamataMason, Inc.*, 279 F.3d 487, 489 (7th Cir. 2002). Therefore, once the Court dismisses this action with prejudice, Seventh Circuit jurisprudence dictates that it will no longer have the authority to enforce the Settlement Agreement, even if it were to attempt to expressly reserve such right at this juncture. *See Kozlowski v. Fry*, 2002 WL 31369508 (N.D. Ill. Oct. 21, 2002).